UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WACHOVIA MORTGAGE, FSB,

    Plaintiff,

v.                                                Case No: 6:13-cv-1750-Orl-36DAB

KELLY K. BROWN, THE UNKNOWN SPOUSE OF KELLY K. BROWN, JAMIE A. BROWN, LAKE GRIFFIN ESTATES HOMEOWNERS ASSOCIATION, INC., SUNTRUST BANK, ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST, TENANT '35;1, TENANT '35;2, TENANT '35;3, TENANT '35;4 and SARAH K. LOVEJOY-STORY,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendant Kelly K. Brown's Motion for Reconsideration (Doc. 31), Defendant Kelly K. Brown's Amended Motion for Reconsideration (Doc. 33), Plaintiff's Responses thereto (Docs. 32 and 35), and Defendant Kelly K. Brown's Judicial Notice to Plaintiff's Response to Defendant's Amended Motion for Reconsideration and Clarity (Doc. 36).  In the motion, Defendant Kelly K. Brown ("Brown") states that this case should not have been remanded to state court because she did not have fair notice or an opportunity to respond to the Magistrate Judge's Report and Recommendation.  The Court, having considered the motion and being fully advised in the premises, will deny Brown's Motion for Reconsideration.

I. **Background**

This is a foreclosure action that was originally filed by Plaintiff Wachovia Mortgage, FSB ("Wachiovia") in November of 2009, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. *See* Doc. 7. The final judgment of foreclosure was entered by the state court on March 20, 2012. *See* Doc. 15-10. This is the second time that *pro se* Defendant Brown has removed the foreclosure action to this Court. Her first attempt was in *Wachovia Bank, FSB v. Kelly K Brown*, No. 6:12-cv-00767-CEH-DAB (M.D. Fla.). *See* Doc. 15-1. In that action, this Court remanded the foreclosure action back to the Eighteenth Judicial Circuit on June 18, 2012, for various reasons, including: (1) Wachovia's foreclosure complaint did not provide a basis for removal; (2) Brown's notice of removal was untimely because Brown had filed the first notice of removal after a final judgment was rendered by the Circuit Court and one day before her house was to be sold at a public auction; and (3) Brown's allegations that Wachovia had "committed multiple violations of Federal Law, including violations of TILA, RESPA and HOEPA Violations" were not valid bases to provide this Court with jurisdiction over the foreclosure action. *Id.* Brown then appealed the Order to the United States Court of Appeals for the Eleventh Circuit, which resulted in a partial affirmance of the Order and partial dismissal of the appeal. *See Wachovia Mortgage, FSB v. Brown*, 517 Fed. App'x 851, 852 (11th Cir. 2013).

On November 8, 2013, Brown filed a second Notice of Removal (Doc. 1), which caused this action to be initiated in this Court. On December 4, 2013, Plaintiff filed a Motion for Remand and for Imposition of Attorneys' Fees and Costs (Doc. 15). Brown filed an Objection to Plaintiff's Motion for Remand and for Imposition of Attorneys' Fees and Costs with Embedded Memorandum of Law (Doc. 19) on December 13, 2013. On February 25, 2014, Magistrate Judge David A. Baker entered a Report and Recommendation ("R&R") recommending that the case be

remanded back to state court and that Plaintiff be awarded attorney's fees in the amount of $1,500. *See* Doc. 26. On March 18, 2014, this Court adopted the Report and Recommendation after review of the Report and an independent examination of the file. *See* Doc. 30.

Brown filed a motion for reconsideration on March 26, 2014, and then an amended motion for reconsideration, of the remand order. *See* Docs. 31 and 33. In her motions, Brown claims that she did not receive a copy of the R&R in a timely manner and, then, did not understand that the R&R was an "order" under Fed. R. Civ. P. 59. Thus, she was not able to file timely objections to the R&R.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) grants a district court the discretion to relieve a party from a final judgment resulting from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012). For purposes of Rule 60(b), "excusable neglect" encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *See Davenport*, 668 F.3d at 1324 (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). In determining whether to grant relief, a court considers all of the relevant circumstances, including factors such as "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quotation marks and citation omitted).

**III.     Discussion**

Even affording Brown wide latitude in light of her *pro se* status, *see Grills v. Phillip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1121-22 (M.D. Fla. 2009), the Court is not persuaded to reconsider its order remanding the case.

First, Brown's argument that she did not have an opportunity to file objections to the R&R is not convincing. The R&R states that "[f]ailure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal." Doc. 26 at p. 5. The R&R was filed on February 25, 2014 and mailed to Brown on March 4, 2014. However, the Court did not issue its Order adopting the R&R until March 18, 2014 – fourteen days after the R&R was mailed to Brown and twenty-one days after it was filed. Brown did not attempt to submit objections to the R&R in that time period and, in fact, has never submitted such an objection even though she likely did not get notice of the Court's ruling until March 19th or 20th. Certainly, if Brown had intended to file objections within the fourteen-day window those should have been in the mail by March 18th at the latest. Thus, there is no evidence that Brown either intended to or attempted to object to the R&R before it was adopted.

Furthermore, even if Brown had filed an objection to the R&R, it would not have changed the outcome of the case. As courts of limited jurisdiction, removal is appropriate for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Alternatively, removal may be based upon diversity jurisdiction, where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §1332; *US Bank Nat. Ass'n v. Bradshaw*, 2011 WL 1298100, *1 (M.D. Fla. 2011)(citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Federal courts must inquire into their jurisdiction at

the earliest point in the proceeding. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Indeed, "a federal district court must therefore remand to state court any case that was removed improvidently or without the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver,* 48 F.Supp.2d 1335, 1339 (M.D. Fla. 1999). The Court reviewed the record prior to adopting the R&R. The removal in this case was defective for the same reasons that Brown's previous removal was defective. Regardless of any arguments Brown makes in her motions for reconsideration, or may have made in an objection to the R&R, this Court simply cannot exercise jurisdiction over this case because there is no basis for federal jurisdiction and, even if there was, the removal was not timely. *See* Doc. 26 (quoting *Wachovia v. Brown,* Case No. 6:12-cv-767-36DAB, Doc. 13). Thus, the Court's Order remanding this action will not be reconsidered.

**ORDERED AND ADJUDGED**:

1. Brown's Motion for Reconsideration (Doc. 31) is **DENIED**; and

2. Brown's Amended Motion for Reconsideration (Doc. 33) is **DENIED**.

3. Plaintiff's request for attorney's fees and costs (Doc. 35), embedded in its response to Brown's second motion for reconsideration is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 15, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any